IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TARA KENNEDY-KLINE

v.

CHARLES J. ORLANDO, individually
and d/b/a Loft 327, Inc.

CIVIL ACTION
NO. 17-611

MEMORANDUM

SCHMEHL, J.    /s/ JLS                                          MARCH  19, 2018

      Plaintiff brought this diversity action against the defendant, a resident of California, asserting claims for theft by deception, fraud, breach of contract, and negligence. Presently before the Court is the motion of the defendant to dismiss for lack of personal jurisdiction pursuant to Rule 12 (b)(2) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be denied without prejudice.

      Rule 12(b)(2) allows a defendant to assert a motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once challenged, the plaintiff "bears the burden of establishing the court's personal jurisdiction over the moving defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). If the court does not hold an evidentiary hearing on the motion, as here, "the plaintiff need only establish a prima facie case of personal jurisdiction." *Id*. The plaintiff must sustain its prima facie case for personal jurisdiction through a

preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). While the Court must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *id.* at 142 n.1, "the plaintiff must sustain its burden . . . through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (internal quotation marks omitted).

Other than filing a brief response to defendant's motion to dismiss for lack of personal jurisdiction, plaintiff has not submitted any sworn affidavits or other competent evidence to sustain a prima facie case for personal jurisdiction over the defendant. Plaintiff's failure to do so is especially problematic for plaintiff because according to her own allegations in the Complaint, it was plaintiff, a Pennsylvania resident, who approached the defendant about assisting her with her book, website, social media presence and possible radio and television shows. (Compl, ¶¶ 6-11.)

Plaintiff will be granted a period of 30 days to submit any sworn affidavits or other competent evidence to satisfy her burden of establishing the Court's personal jurisdiction over the defendant. In doing so, Plaintiff should bear in mind that to support a finding of specific personal jurisdiction, due process requires the plaintiff show: (1) the defendant "purposefully directed its activities at the forum," (2) the litigation arises out of or relates to at least one of those activities, and (3) the exercise of jurisdiction "otherwise comports with fair play and substantial justice." *Allaham v. Naddaf*, 635 Fed. App'x 32, 39 (3d Cir. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *O'Connor v. Sandy Lane Hotel Co.*, 486 F.3d 312, 317 (3d Cir. 2007)).